MAYNARD COAL CO. *v.* WOLVERINE PORTLAND CEMENT CO.

1. ACCORD AND SATISFACTION—EVIDENCE—BURDEN OF PROOF.

In an action for a balance claimed to be due on the contract price of coal, where defendant claimed an accord and satisfaction, the burden of proof was upon it to show an actual controversy which had been adjusted and satisfied, and therefore it was competent to introduce in evidence the correspondence showing a controversy and the arrangements for a conference, what occurred at such conference, and the final result thereof.

2. SAME—EVIDENCE—SELF-SERVING STATEMENTS.

Where the questions as to what the final agreement was and whether the check was given and accepted as payment in full were in dispute, the admission in evidence of a self-serving entry in defendant's books, made without plaintiff's knowledge or consent, was error.

Error to Branch; Johnson (Clayton C.), J. Submitted January 4, 1923. (Docket No. 34.) Decided March 22, 1923.

Assumpsit by the Maynard Coal Company against the Wolverine Portland Cement Company for a balance due on a coal contract. Judgment for defendant. Plaintiff brings error. Reversed.

*Henry C. Loveridge* (*Watson, Stouffer & Davis,* of counsel), for appellant.

*W. Glenn Cowell,* for appellee.

FELLOWS, J. Defendant operates cement plants at Coldwater and Quincy in Branch county. Plaintiff owns coal mines and sells coal. In 1919 it shipped 52 cars of coal to defendant. It is claimed by defendant and admitted by plaintiff that some of the cars did not come from the field and were not the kind of coal agreed upon, the number of such cars being in dispute. There were conferences and correspondence in attempts to reach an adjustment. On July 15, 1920, representatives of the parties met at Coldwater. Some arrangement was there agreed upon, just what it was being the crucial fact in the case. Plaintiff contends that $1,600 was to be withheld by defendant from the amount of the bill until an analysis, which had been made of the coal by defendant's chemist, could be obtained, the chemist being absent from the city. Defendant claims that it was agreed that the sum of $1,600 should be deducted from plaintiff's bill and the balance paid, and that it was then paid, that there was complete accord and satisfaction. Upon the conflicting testimony the jury found for the defendant and plaintiff prosecutes this writ of error.

Defendant was permitted to show over objections correspondence showing a controversy and arrangements for meetings to discuss it together with what occurred at the conference leading up to and including the final talk which it is admitted took place

between but two men apart from the others attending the conference. We perceive no error in this. Defendant was bound to show an actual controversy which was then adjusted and satisfied. What the final agreement was constituted a disputed fact. As bearing upon these questions it was quite proper to show what occurred at the conference and all of it and the correspondence preceding it.

After the conference which took place at the office of defendant's attorney, the interested parties went to the office of defendant where a check, drawn by defendant's bookkeeper, was given plaintiff's representative for $3,965.46, being the amount of plaintiff's bill less $1,600. Defendant's bookkeeper made entries in defendant's journal debiting plaintiff company $1,600, distributed this amount between the Coldwater and Quincy plants, and without the knowledge of plaintiff's representative made this memorandum in the journal:

"Adjustment on twenty-two cars of Ohio coal billed as Kentucky as per settlement made with Mr. Heiner and O'Hara."

The check given plaintiff's representative and cashed by plaintiff contained these words:

"In settlement of vouchers on file as per agreement today."

The memorandum made by the bookkeeper was received in evidence over the objection of plaintiff's counsel. This was error under the holding of this court in *Boyle* v. *Waters*, 206 Mich. 515. In that case Judge Hatch testified that he made a memorandum in his journal of what he claimed the agreement was on the day it was made and that he read it to Mr. Boyle. It was received in evidence upon the trial. A majority of the court held that it was not admissible. In the instant case the memorandum was not read to

Mr. Heiner, plaintiff's representative, and he had no knowledge of it.    It was a self-serving statement inserted in the journal after the items of bookkeeping had been set down.    There was no dispute between the parties as to the amount of coal shipped or the contract price, there was no disputed account.    The question is controlled by the *Boyle Case.*

Whether the parties arrived at the terms of a full and complete settlement of their differences on July 15th, whether the check was given and accepted as payment in full, and whether there was in fact a final settlement on that day were all disputed questions of fact for the jury.    Under these circumstances the plaintiff should have been permitted to go more fully with its proof into the question of whether the check was accepted as payment in full of an amount agreed upon.

The judgment must be reversed with a new trial. Plaintiff will recover costs of this court.

WIEST, C. J., and MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.    CLARK, J., did not sit.